# UNITED STATES DISTRICT COURT

**WESTERN**     District of     **NORTH CAROLINA**

UNITED STATES OF AMERICA

     **V.**          **ORDER OF DETENTION PENDING TRIAL**

**NORMAN WAYNE CARPENTER**     Case     1:09 cr 24-1

         *Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*

  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

  X for which a maximum term of imprisonment of ten years or more is prescribed in _21 U.S.C. § 841_ .
  under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence     a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| Date | Signature of Judge |
|------|--------------------|
|      | Dennis L. Howell, United States Magistrate Judge |
|      | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 cr 24-1**

**UNITED STATES OF AMERICA,**

**Vs.**                                                                                    **ADDENDUM TO**
                                                                                           **DETENTION ORDER**

**NORMAN WAYNE CARPENTER.**

_____

## I.   FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)**  the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

    **(A)**  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)**  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)**  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II.**                                                              **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being methamphetamine.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. On April 23, 2008 Avery County Sheriff's Deputies saw a meeting between the defendant and a person who distributed controlled substances, particularly methamphetamine. A financial transaction occurred between the defendant and the person. The defendant was then followed from Avery County to McDowell County to Buncombe County where the defendant traveled to a trailer park and met with a Hispanic male. The defendant then traveled back into McDowell County and was stopped and his vehicle was searched and he was found to have in his possession 1 oz of crystal methamphetamine. The defendant gave the officers a false and fictitious name.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and is self-employed at C & C Landscaping. The defendant has had a long length of residence in the Avery County, NC community. The defendant is in good health. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while intoxicated | 09/24/81 |
| Driving while intoxicated | 05/23/83 |
| Driving while impaired | 04/08/92 |
| Driving while impaired | 01/20/05 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| No operators license | 12/26/93 |
| Expired registration and fictitious tag | 10/17/ 02 |
| Driving while license revoked | 09/21/06 |
| Misdemeanor larceny | 02/16/07 |
| Resisting an officer | 12/17/07 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of fictitious registration in Burke County, NC on April

9, 2008.

   (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.  It appears that this factor does exist.  The defendant was arrested in Burke County, NC on February 10, 2008 and charged with driving while impaired, possession of drug paraphernalia and assault on a government employee.  The defendant was released on terms and conditions of pretrial release.  The defendant was arrested on April 23, 2008 in Buncombe County, NC and charged with felony possession with intent to manufacture, sell and deliver a schedule II controlled substance, felony maintaining a vehicle for the purpose of keeping a controlled substance, possession of drug paraphernalia, resisting a public officer and reckless driving and factitious tag.  The defendant was released on terms and conditions of pretrial release. The defendant was arrested on October 31, 2008 in McDowell County, NC for driving while license revoked and was released on terms and conditions of pretrial release.  On November 26, 2008 the defendant was arrested in Avery County, NC and charged with felony altering serial numbers on a motor vehicle and the defendant was again released on terms and conditions of pretrial release.  On January 30, 2009 the defendant was arrested in Avery County, NC and charged with felony speeding to elude arrest, failure to heed a blue light and siren, reckless driving, driving while license revoked, fictitious registration, and driving left of center.  The defendant was again released on terms and conditions of pretrial release.


**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence  that the release of the defendant would create a risk of harm or danger to any other person or the community. The charges against the defendant create, pursuant to 18 U.S.C. § 3142(e), a presumption that the release of the defendant would create a risk of harm or danger to any other person or the community.  This presumption is subject to rebuttal by the defendant.  The undersigned finds that the defendant has not rebutted the presumption.  The defendant has been convicted of multiple charges of driving while impaired.  Since February 2008 the defendant has been charged with the criminal offenses referenced above in Burke County, Buncombe County, McDowell County and on two occasions, in Avery County.  The offenses that occurred after February 10, 2008 all allegedly occurred while he was released on bond.  The evidence is clear and convincing that the release of the defendant  would create a risk of harm or danger to any other person or the community.

The undersigned does find that the presumption that has been created by the nature of the charge, that being that the release of the defendant would create a risk of flight on his part has been rebutted.  The defendant has been a life long resident of Avery County, NC and is self-employed in that county. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 24, 2009

Dennis L. Howell
United States Magistrate Judge