# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09-CR-24

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NORMAN WAYNE CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER coming on to be heard before the undersigned, pursuant to a motion filed by counsel for the defendant entitled "Motion for Reconsideration of Detention" (#8). It appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, John M. Olesiuk and the government was present and represented through Assistant United States Attorney Tom Ascik and from the evidence offered, the court makes the following findings:

**Findings**. A detention hearing was held in the above entitled matter by the undersigned on April 17, 2009. At that time, the government moved for the detention of the defendant. The undersigned heard evidence, including live testimony from the prosecuting officer. At the close of the hearing, the undersigned entered an oral order detaining the defendant, which was reduced to writing, and filed as an Order of Detention Pending Trial (#6). On May 8, 2009, counsel for the defendant filed the

above referenced motion requesting that the undersigned reconsider the issue of detention of the defendant.

Evidence was presented by the defendant, through testimony from the defendant's mother, Ruth Carpenter. Ms. Carpenter testified she resides in the Little Squirrel Creek Community of Avery County, NC. She is 69 years old and has never been convicted of any crime. Ms. Carpenter testified she would allow the defendant to reside in her home and she was willing to act as a custodian for the defendant. Ms. Carpenter further testified that several of the brothers and sisters of the defendant resided in close proximity to her home. The defendant further presented evidence that the government had changed its position in regard to the detention of the defendant and the government was no longer opposing the release of the defendant, pending trial. This change of position was acknowledged by the Assistant United States Attorney.

Evidence was further shown that the defendant had been charged on April 23, 2008 in Buncombe County District Court with the crimes of reckless driving, fictitious registration, resisting an officer, possessing drug paraphernalia, felony possession with intent to manufacture, sell and deliver a schedule II controlled substance and felony maintaining a vehicle for the purpose of keeping a controlled substance. These charges had been pending against the defendant at the time of the

detention hearing on April 17, 2009 when the undersigned considered the release of the defendant on those charges in considering the release of the defendant. Those charges have now been dismissed.

**Discussion.** 18 U.S.C. § 3142(f)(2) provides as follows:

> The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

From the evidence presented it appears there has been a change of condition that was not known to the movant at the time of the initial detention hearing on April 17, 2009 and that has material bearing on the issue of whether or not there are conditions of release that could be entered in this matter. The undersigned does consider the information that exists that was not known to the movant at the time of the detention hearing to include: (1) whether or not his mother would agree to act as a custodian for him, (2) the government does not object to the release of the defendant on terms and conditions of pretrial release, and (3) the dismissal of the charges that had been made in Buncombe County District Court against the defendant on April 23, 2008. As a result of this information, the undersigned has reconsidered

the release of the defendant. After reconsidering this additional information, the undersigned remains of the opinion that clear and convincing evidence has been shown that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned incorporates herein by reference the findings as set forth in the Order of Detention (#6). In that Order, the undersigned found there was strong, compelling and significant evidence that showed that on April 23, 2008 the defendant was found to have in his possession one ounce of crystal methamphetamine. The defendant's criminal record shows repeated convictions for driving while impaired and convictions for driving while license revoked, misdemeanor larceny and resisting an officer. At the present time, the defendant has charges pending against him from Buncombe County that allegedly occurred on April 10, 2008 in which he is charged with driving while impaired, possession of drug paraphernalia and assault on an officer. He was released on bond on those charges. The defendant was arrested on October 31, 2008 in McDowell County, NC for driving while license revoked and again was released on terms and conditions of pretrial release. On November 26, 2008 the defendant was arrested in Avery County, NC and charged with felony altering serial numbers on a motor vehicle and was again released on terms and conditions of pretrial release. The defendant was arrested on January 30, 2009 and charged with felony speeding to elude arrest, failure to heed a

blue light and siren, reckless driving, driving while license revoked, fictitious registration and driving left of center and was again released on terms and conditions of pretrial release. The charges against the defendant of February 10, 2008 of assault on a government employee involved charges of assault against a State Trooper when he was stopped by the Trooper and charged with driving while impaired and possession of drug paraphernalia. The testimony from the defendant's mother, who is a very nice person, indicated she had never seen methamphetamine and did not know what it looked like. The criminal record and the pending charges against the defendant show that the release of the defendant would create a risk of harm or danger to any other person or the community. Additionally, although the defendant's mother is a fine person, she is not a person who is able to recognize methamphetamine which is a dangerous drug and which the defendant has apparently either been selling or using, or both.

Based upon these findings, the undersigned does still not find the presumption created by the charge against the defendant, pursuant to 18 U.S.C. § 3142(e) has been defeated, and further finds by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Motion for Reconsideration of Detention" (#8) is hereby **DENIED** and the defendant is to be **DETAINED** pending further proceedings in this matter.

Signed: May 28, 2009

Dennis L. Howell
United States Magistrate Judge