IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 CR 24-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| NORMAN WAYNE CARPENTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE has come on to be heard before the undersigned pursuant to a Violation Report (#29) filed in the above entitled cause on June 5, 2014 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his prehearing release. At the call of this matter on for hearing, Defendant was present with his counsel William E. Loose and the Government was present through Assistant United States Attorney John Pritchard. From the evidence offered, from the statements of the Assistant United States Attorney and the attorney for the Defendant and the records in this cause, the Court makes the following findings.

**Findings.** At the call of this matter, the Defendant, by and through his attorney denied the allegation contained in the Violation Report. It was alleged in the Violation Report that Defendant had violated the term and condition of release

that required that he not violate any federal, state or local law while on release, in that on May 23, 2014 Defendant committed the new criminal offense of assault on a female in Avery County, North Carolina. Testimony was presented by the Government through Stephen Cook, United States Probation Officer.

The records in this matter show that a Petition (#22) was filed on January 28, 2014 alleging that Defendant had violated terms and conditions of his supervised release. An initial appearance hearing was conducted for the Defendant on March 3, 2014 and on that date the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

Officer Cook testified that while supervising Defendant on prehearing release, he discovered that a warrant had been issued for Defendant alleging that Defendant had assaulted his girlfriend, Amber Snoddy. Officer Cook placed a telephone call to Ms. Snoddy who advised Officer Cook that she and the Defendant had been fighting each other. Ms. Snoddy further advised Officer Cook that she had gone to the Avery County Magistrate's Office in an attempt to obtain a domestic violence protection order, but instead a warrant for the arrest of the

Defendant had been issued. Officer Cook had a subpoena issued for Ms. Snoddy to require her to appear in this Court for the hearing of the Violation Report. The United States Marshals went to Avery County, NC and were unsuccessful in serving the subpoena upon Ms. Snoddy, even though they enlisted the help of Ms. Snoddy's state probation officer. During the weekend of June 13, 14 and 15, 2014, Officer Cook attempted to call Ms. Snoddy on the telephone and left her repeated messages to contact him and she did not do so.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>     (1) finds that there is----
>         (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>         (B) clear and convincing evidence that the person has violated any
>      other condition of release; and
>     (2) finds that ---
>         (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>         (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned cannot find there is sufficient evidence presented at the hearing to show there is probable cause to believe that Defendant has committed a federal, state or local crime while on release. From the testimony of Officer Cook it appears that Defendant and Ms. Snoddy had been fighting each other and Ms. Snoddy may have been the aggressor in regard to the struggle. Ms. Snoddy has failed to cooperate with Officer Cook and has made efforts to make herself unavailable for testimony in this matter. As a result, the undersigned does not find that the evidence presented arises to the level of probable cause at this hearing to show that Defendant has committed a federal, state or local crime while on release.

Due to the findings made above, the undersigned has determined to enter an Order dismissing the Violation Report.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Violation Report (#29) is **DENIED** and dismissed.

Signed: June 19, 2014

*[signature]*

Dennis L. Howell
United States Magistrate Judge